[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-11423
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00438-CV-CO-W

WILLIAM C. BURKE,
deceased,

Plaintiff,

LOLA E. BURKE,
Individually and as executrix of the estate of
William C. Burke,

Plaintiff-Appellant,

versus

GENERAL MOTORS CORPORATION,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
----------------------------------------------------------------
**(February 28, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Lola Burke, executrix of the estate of William Burke, appeals the grant of the motion in limine of Defendant-Appellee General Motors Corporation ("GMC") to exclude Plaintiff's expert witnesses and the consequent grant of summary judgment dismissing Plaintiff's claims. No reversible error has been shown; we affirm.

Plaintiff and her husband, William Burke, were injured when their 2002 GMC Sierra pickup crashed into a tree. Plaintiff suffered no serious injuries. Burke suffered vertebral fractures that left him paralyzed from the neck down; he died as a result of complications from his injuries. Plaintiff's claims against GMC were founded on her contention that the seatbelt and airbag systems in the Sierra were defective and unreasonably dangerous -- the seatbelts were equipped with no pretensioner and the airbag system was single-stage as opposed to a dual-stage deployment system -- and that these defects were the proximate cause of Burke's injuries and later death. At the time of the accident, Burke was eighty years old and suffered from ankylosing spondylitis ("AS"), an inflammatory disease that causes the ligaments and soft tissue of the spine to harden and calcify.

In support of Plaintiff's design defect contentions, Plaintiff sought to introduce the testimony of two expert witnesses. The testimony of Brian Frist,

M.D. was proffered to establish that design defects in the Sierra -- not Burke's preexisting condition -- caused Burke's extensive injuries. The testimony of Donald Phillips, P.E., an engineer with experience in the design and implementation of passenger restraint systems, was proffered to establish that Burke would have been protected from his devastating injuries if the Sierra had been fitted with seatbelt pretensioners and a dual-stage airbag system.

After conducting a full-day <u>Daubert</u> hearing, <u>Daubert v. Merrell Dow Pharmaceuticals Inc</u>., 113 S.Ct. 2786 (1993), on the admissibility of Plaintiff's experts's testimony, the district court concluded that both experts were qualified to testify competently about matters in the case but ruled that the testimony of neither expert would assist the trier of fact. The district court determined that the experts's conclusion that an alternative restraint system would have deployed and would have prevented the injuries sustained by the decedent despite Burke's preexisting condition was not reliably supported by the methodologies employed. Plaintiff argues that the district court improperly focused on the experts's conclusions and failed to analyze properly their methodologies. We disagree.

We review a trial court's rulings on admissibility of expert testimony under an abuse of discretion standard. <u>General Elec. Co. v. Joiner</u>, 118 S.Ct. 512, 517 (1997). And binding precedent of this circuit makes abundantly clear that abuse-

of-discretion review in the context of the admissibility of expert testimony is deferential: "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004). The Daubert line of cases vest district court's with "considerable leeway" when deciding to admit or exclude expert testimony; our review is very limited. Hall v. United Ins. Co. of America, 367 F.3d 1255, 1261 (11th Cir. 2004).

About the testimony of Dr. Frist, the district court concluded that Dr. Frist failed to show by scientific evidence that Burke's injuries would have been different had the airbag deployed. Briefly stated, while Frist maintained that 37 to 50 per cent of the general population would have sustained injuries similar to Burke's injuries -- thus suggesting at least some possibility that Burke's preexisting condition was not the proximate cause of his injuries -- this data failed to address what percentage of the general population also suffers AS and failed to show that the failure of the restraint system impacted upon Burke's injuries. The methodology employed by Frist and the scientific evidence upon which he relied, were determined to be insufficiently reliable to support the conclusions Frist reached. As such, the district court determined that Frist's testimony would not assist the trier of fact.

About the testimony of Phillips, the district court concluded that Phillips's methodology was flawed. In an effort to establish that the airbag in the 2003 model of the Sierra would have deployed had it been installed in Burke's 2002 Sierra, Phillips compared GMC's test reports on the 2003 Sierra airbag system with data from Burke's crash. Briefly stated, the data was not readily comparable: Phillips phase-shifted the data to eliminate the first 40 milliseconds of data from the actual crash. The district court determined that this deletion of data undermined the reliability of his testimony. The district court questioned Phillips's methodology (which, although being capable of being tested was not so tested) and questioned also whether the methodology employed itself undermined Phillips's conclusion. As such, Phillips's testimony would not assist the trier of fact in resolving whether the alternative airbag design would have deployed and whether it would have prevented Burke's injuries.

Under the deferential standard of review applicable to the district court's exercise of discretion, we see no reversible error. The district court painstakingly analyzed the proffered experts methodologies and the correspondence between the scientific evidence upon which the experts relied and the conclusions about which they would opine. Plaintiff shows us neither clear error in judgment nor a legal standard applied wrongly. Plaintiff's protestations to the contrary

notwithstanding, the district court performed its gatekeeping function -- as Daubert and its progeny requires -- "to insure that speculative and unreliable opinions do not reach the jury." McClain v. Metabolife International, Inc., 401 F.3d 1233, 1237 (11th Cir. 2005). The district court committed no abuse of discretion when it concluded that Plaintiff, as proponent of the testimony, failed to carry its burden of establishing the reliability of their experts's opinions. See id. at 1238 n.2.

AFFIRMED.